

# NUMBER 13-26-00311-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ROBERT LEE LOHSE III,**                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                       **Appellee.**

---

## ON APPEAL FROM THE 119TH DISTRICT COURT
## OF TOM GREEN COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice West[1]**

On November 19, 2025, the trial court entered a judgment of conviction. Appellant

timely filed a motion for new trial. To perfect an appeal, appellant was required to file his

---

[1] This appeal was transferred from the Third Court of Appeals in Austin pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001(a).

notice of appeal by February 17, 2026. *See* TEX. R. APP. P. 26.2(a)(2) (providing that an appellant in a criminal case who timely filed a motion for new trial must file his notice of appeal within 90 days after the day sentence is imposed). Appellant filed his notice of appeal on March 2, 2026. Accordingly, the Clerk issued a notice of defect. In response, appellant filed a motion for leave to file a late motion for extension of time to file appellant's notice of appeal. Appellant correctly states that the Rules provide a fifteen-day grace period to perfect an appeal after expiration of the notice of appeal deadline where the appellant files a notice of appeal and motion for extension of time within the grace period. *See* TEX. R. APP. P. 26.3. Appellant avers that, while he did not file a motion for extension of time within the grace period, he did file a notice of appeal within the grace period, and a motion for extension of time should have been implied in conjunction with the filing of his notice of appeal. *See Verburgt v. Dorne*r, 959 S.W.2nd 615, 617 (Tex. 1997).

We agree that, when a notice of appeal is filed in a civil case within the grace period, a motion for extension of time is implied. *See id.* However, the Court of Criminal Appeals has construed the Rule otherwise. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In criminal cases, we are unable to imply a filing of a motion for extension of time; filing of both a notice of appeal and motion for extension of time within the grace period are required to perfect an appeal. *Id.*; *Aleman v. State*, 554 S.W.3d 794, 795 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Moreover, "[i]f an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal." *Lair*, 321 S.W.3d at 159 (citing *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998)).

Accordingly, we dismiss the appeal for lack of jurisdiction. All pending motions are denied as moot.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
21st day of May, 2026.